IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD RODRIGUEZ, | ) | No. C 06-4781 JSW (PR) |
| Petitioner, | ) | |
| vs. | ) | **ORDER TO SHOW CAUSE** |
| TONY MALFI, Warden, | ) | (Docket No. 2) |
| Respondent. | ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison-Sacramento in Represa, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee and has filed a motion seeking appointment of counsel (docket no. 2). This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted after a guilty plea in Santa Clara County Superior Court and sentenced to a term of 11 years in prison. Petitioner appealed his conviction to the California Court of Appeal which denied the appeal in 2005. The Supreme Court of California denied his petition for review in 2005. Petitioner filed the instant federal habeas petition on August 7, 2006.

## DISCUSSION

I.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.   Legal Claim

The petition alleges that the trial court violated Petitioner's right to a jury trial by sentencing him based on factual findings not resolved by a jury. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

III.   Motion for Counsel

Petitioner also filed a motion for appointment of counsel (docket no. 2). Petitioner requests that counsel be appointed because he is a layman of the law and cannot articulate his claims as effectively as an attorney. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Knaubert*, 791 F.2d at 728. Here, no evidentiary hearing appears necessary at this time. The Court concludes that the interests of justice do not require appointment of counsel at this time. Accordingly, Petitioner's motion for appointment of counsel (docket no. 2) is DENIED without prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown,

2

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: January 22, 2007

_____
JEFFREY S. WHITE
United States District Judge