IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RODRIGUEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> TONY MALFI, Warden, ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | No C 06-4781 JSW (PR) <br><br> ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

## INTRODUCTION

Petitioner, a prisoner of the State of California incarcerated at California State Prison-Solano in Vacaville, California, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. This Court ordered Respondent to show cause why a writ should not be granted. Respondent filed an answer, memorandum and exhibits in support thereof. Petitioner has filed a traverse. For the reasons stated below, the petition is denied on the merits.

## PROCEDURAL BACKGROUND

On November 14, 2003, the Santa Clara County district attorney filed an information charging Petitioner with: (1) carrying a concealed firearm in a vehicle ("count one"); (2) possession of a firearm by a felon ("count two"); (3) possession of ammunition by a felon ("count three"); and a gang enhancement on the concealed firearm charge. Respondent's Exhibit (hereinafter "Exh.") 1 at 67-

68. Petitioner ultimately plead guilty on all counts. Exh. 1 at 74, 76. He also admitted two strike priors and a prison prior. Exh. 1 at 76. On May 7, 2004, the trial court dismissed one of Petitioner's strikes in the interests of justice and then sentenced Petitioner to double the three year upper term for count one, a consecutive upper term of four years for the gang enhancement, and a consecutive one year term for the prison prior enhancement, for a total of 11 years. Exh. 2 at 19-21. Petitioner also received a six year term for count two, which was stayed, and another six year term for count three, which was ordered to be served concurrently. Exh. 2 at 21.

The California Court of Appeal affirmed the judgement on September 26, 2003. Exh. 6. On November 30, 2005, the California Supreme Court denied review. Exh. 8. Petitioner's petition for habeas relief was filed in this Court on August 7, 2006.

## FACTUAL BACKGROUND

The following facts are taken from the Probation Officer's Report (Petitioner is referred to as "defendant"):

> On May 13, 2003, at approximately 7:40 p.m., San Jose Police officers observed a fight in progress in the front of Subway located at Alum Rock and Sunset. Officers observed several males wearing white t-shirts throwing punches at a male wearing a black sweatshirt. The male in the black sweatshirt ran into the door of Subway while the males wearing white shirts ran towards Alum Rock and fled in a vehicle. Officers saw the male in the black sweatshirt exit Subway and he appeared to be checking himself for stab wounds.
>
> Officers followed the vehicle and initiated a vehicle stop. As officers approached the vehicle, they noticed the suspects in the rear seats moving their hands around the interior of the vehicle. Officers ordered the suspects to put their hands on their knees and had each individual exit the vehicle. The suspects were two juveniles, the defendant (a rear passenger), and codefendant Vega (a front passenger). Vega had a screwdriver in his rear pocket and blood on his t-shirt. Officers called for other units to locate the male in the black sweatshirt in the area. Units were unable to locate the male or any involved parties.

> A records check revealed the defendant was on active parole and one of the juveniles was a ranch escapee. Officers searched the vehicle and located a .22 caliber bullet on the floor where the defendant was sitting, an empty .22 caliber handgun under the backseat cushion where the defendant was sitting, a screwdriver under the front passenger seat, a blue bandana and two more screwdrivers in the glove box. All parties gave different stores on what happened and were arrested for possession of a firearm in the vehicle.

Exh. 1 (Probation Officer's Report) at 93.

## **STANDARD OF REVIEW**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under the 'contrary to' clause, a federal habeas court may grant the writ if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if a state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*,

529 U.S. at 413. As summarized by the Ninth Circuit: "A state court's decision can involve an 'unreasonable application' of federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000) *overruled on other grounds*; *Lockyer v. Andrade*, 538 U.S. 63, 70-73 (2003) (citing *Williams*, 529 U.S. at 405-07).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411; *accord Middleton v. McNeil*, 541 U.S. 433, 436 (2004) (per curiam) (challenge to state court's application of governing federal law must not only be erroneous, but objectively unreasonable); *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

In deciding whether a state court's decision is contrary to, or an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of the Petitioner's claim in a reasoned decision. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th Cir. 2000).

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings of the Supreme Court as of the time of the state court decision. *Williams* 529 U.S. at 412; *Clark v. Murphy*, 331 F.3d 1062,

1069 (9th Cir. 2003). While the circuit law may be "persuasive authority" for the purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. *Id.*

If the state court decision only considered state law, the federal court must ask whether state law, as explained by the state court, is "contrary to" clearly established governing federal law. *See Lockhart v. Terhune*, 250 F.3d 1223, 1230 (9th Cir. 2001); *see, e.g., Hernandez v. Small*, 282 F.3d 1132, 1141 (9th Cir. 2002) (state court applied correct controlling authority when it relied on state court case that quoted Supreme Court for proposition squarely in accord with controlling authority). If the state court, relying on state law, correctly identified the governing federal legal rules, the federal court must ask whether the state court applied them unreasonably to the facts. *See Lockhart*, 250 F.3d at 1232.

## **DISCUSSION**

In his petition for a writ of habeas corpus, Petitioner asserts that the trial court violated his right to a jury trial by sentencing him to the upper term based on facts not found by a jury. *Blakely v. Washington*, 542 U.S. 296 (2004).

**A.     Exhaustion**

Respondent argues that Petitioner has not exhausted his state court remedies because *Cunningham v. California*, 549 U.S. 270 (2007), constituted an intervening change in federal law that casts Petitioner's case in a fundamentally different light. However, the Ninth Circuit has found that where, as here, "when a petitioner raises a claim that is later resolved in a case that announces no 'new rule,' a petitioner is not obligated to return to state court to exhaust his remedies

under that case." *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). Therefore, this claim is exhausted and will be decided on the merits.

**B.     *Blakely* Error**

At sentencing, the trial judge imposed the upper term of six years on the concealed firearm charge and the upper term of four years on the gang enhancement charge. The judge based the aggravated sentence on each conviction on Petitioner's substantial criminal record as well as the fact that he was on parole at the time of the offense. Exh. 2 at 21. The court found no mitigating factors. Exh. 2 at 21-23. Petitioner argues that imposing the upper terms on his convictions based on facts not found by a jury violated his right to a jury trial under *Blakely*, 542 U.S. 296.

**1. Legal Standard**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. This right to a jury trial has been made applicable to state criminal proceedings via the Fourteenth Amendment's Due Process Clause. *Duncan v. Louisiana*, 391 U.S. 145, 149-50 (1968). The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 488-90. The "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the

defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. *Blakely*, 542 U.S. at 303-04.

*Apprendi*'s "prior conviction" exception is limited to prior convictions resulting from proceedings that afforded the procedural necessities of a jury trial and proof beyond a reasonable doubt. *United States v. Tighe*, 266 F.3d 1187, 1194 (9th Cir. 2001). Recidivism and prior convictions increasing the maximum penalty need not be charged to comport with the constitutional right to fair notice because they are not considered an element of the offense charged. *See Almendarez-Torres v. United States*, 523 U.S. 224, 243-44 (1998); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414-15 (9th Cir. 2001), *cert. denied*, 532 U.S. 966 (2001) (holding that *Almendarez-Torres* remains good law after *Apprendi* and provides that prior convictions, whether or not admitted by the defendant on the record, are sentencing factors rather than elements of the crime).

Prior convictions resulting from adjudications that do not afford the right to a jury trial and a beyond-a-reasonable-doubt burden of proof do not fall within *Apprendi*'s "prior conviction" exception; therefore, they must be submitted to a jury and proved beyond a reasonable doubt before they can be used to increase the penalty for a crime beyond the prescribed statutory maximum. *See Tighe,* 266 F..3d at 1194-95 (juvenile adjudications that do not afford the right to a jury trial and beyond-a-reasonable-doubt burden of proof do not fall within *Apprendi*'s "prior conviction" exception). *Tighe*'s holding does not represent clearly established Supreme Court precedent, however. *See Boyd v. Newland*, 467 F.3d 1139, 1152 (9th Cir. 2006) (in the face of other-circuit authority that is directly contrary to *Tighe*, and in the absence of explicit direction from the Supreme

1  Court, it cannot be said that California courts' use of a juvenile adjudication as a
2  sentencing enhancement was contrary to, or involved an unreasonable application
3  of, Supreme Court precedent).
4      The Ninth Circuit has previously found that a sentencing court's
5  determination that the current offense was committed while the defendant was on
6  probation does not come within *Apprendi*'s prior offense exception. *Butler v.*
7  *Curry*, 528 F.3d 624, 641 (9th Cir. 2008). However, the Ninth Circuit recently
8  elaborated on that holding, stating that "*Butler* does not represent clearly
9  established law 'as determined by the Supreme Court of the United States.' 28
10 U.S.C. § 2254(d)(1)." *Kessee v. Mendoza-Powers*, 574 F.3d 675, 679 (9th Cir.
11 2009) (holding that a state appellate court's finding that Petitioner had committed
12 crimes while on probation fell within the "prior conviction" exception does not
13 contravene AEDPA standards.) As *Kessee* states,

> Because the Supreme Court has not given explicit direction and because the state court's interpretation is consistent with many other state courts' interpretations, we cannot hold that the state court's interpretation was contrary to, or an unreasonable application of established Supreme Court precedent.

**2. Analysis**

18     The California Court of Appeal affirmed Petitioner's conviction based on
19 the California Supreme Court decision in *People v. Black*, 35 Cal.4th 1238
20 (2005). Exh. 6 at 2. In *Black*, the state's highest court held that "the judicial
21 factfinding that occurs when a judge exercises discretion to impose an upper term
22 sentence or consecutive terms under California law does not implicate a
23 defendant's Sixth Amendment right to a jury trial." *Black*, 35 Cal.4th at 1244.
24     However, in *Cunningham*, the United States Supreme Court subsequently
25 partially overruled *Black* when it held that California's determinate sentencing

law ("DSL") violated the Sixth Amendment because it allowed the sentencing court to impose an elevated sentence based on aggravating facts that it found to exist by a preponderance of the evidence. 549 U.S. at 274, 291-92. The sentencing court was directed under the DSL to start with a "middle term" and then move to an "upper term" only if it found aggravating factual circumstances beyond the elements of the charged offense. *Id.* at 278. Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Supreme Court held that the California sentencing law violated the rule set out in *Apprendi*. *Id.* at 293-94. Although the DSL gave judges broad discretion to identify aggravating factors, this discretion did not make the upper term the statutory maximum because the jury verdict alone did not authorize the sentence and judges did not have the discretion to choose the upper term unless it was justified by additional facts. *Id.* at 288-89.

*Cunningham* had not yet been decided when Petitioner's sentence became final. Respondent first argues that *Cunningham* presents a new constitutional rule and this court is barred from applying it to Petitioner's case under *Teague v. Lane*, 489 U.S. 288 (1989). However, in *Butler v. Curry*, 528 F.3d 624 (9th Cir. 2008), the Ninth Circuit determined that *Cunningham* is not a new constitutional rule for *Teague* purposes. In *Butler*, the Ninth Circuit held that the Supreme Court's decision in *Cunningham* was compelled by existing Sixth Amendment case law – including *Apprendi*, *Blakely*, and *Booker* – at the time Butler's conviction became final. *Id.* at 635. Because *Cunningham* is not a new constitutional rule, *Teague* does not bar its application here.

In *Butler,* the Ninth Circuit found that a state sentencing court's

9

determination that the current offense was committed while the defendant was on probation does not come within *Apprendi*'s prior offense exception. *Butler v. Curry*, 528 F.3d 624, 641 (9th Cir. 2008). However, the Ninth Circuit has recently elaborated on that decision, finding in *Kessee* that a state court's determination that the petitioner had committed the crime for which he was sentenced while on probation fell within the "prior conviction" exception was not contrary to or an unreasonable interpretation of established Supreme Court precedent. 574 F.3d at 679. The *Kessee* court noted that while a sentencing court's finding that the defendant was on probation does not come within the "prior conviction" exception to the *Apprendi* rule, a state court's finding to the contrary does not contravene AEDPA standards. *Id.* at 678. The *Kessee* court remanded the case with instructions to deny the writ of habeas corpus, where the district court had granted a writ on these grounds,. *Id.* at 679.

    This Court finds that because the Supreme Court has not specifically addressed whether a finding that a petitioner was on probation or parole falls within *Apprendi*'s "prior conviction" exception, a state court's finding that a sentencing judge who makes a finding that a convicted defendant was on probation at the time of the crime does not violate the Sixth Amendment is not contrary to, or an unreasonable interpretation of, established Supreme Court precedent. *Kessee,* 574 F.3d at 678.

    However, if this Court had found that the state courts' imposition of the upper term based on these factors were contrary, or an unreasonable interpretation of, *Blakely, Apprendi and Cunningham*, the error would be subject to review for harmlessness set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Failure to submit a sentencing factor to the jury, like failure to submit an

element to the jury, is not structural error; therefore, it is subject to harmless-error analysis. *Washington v. Recuenco*, 548 U.S. 212, 221-22 (2006).

Under *Brecht*, this Court must grant Petitioner habeas relief if there is "'grave doubt' as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt." *Butler*, 528 F.3d at 648 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). It is well established that "[g]rave doubt exists when, 'in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error.'" *Id*. at 648 (quoting *O'Neal*, 513 U.S. at 435). This Court cannot "consider new admissions made at sentencing in [a] harmless error inquiry" but evidence presented at the sentencing proceeding can be considered "insofar as [it] would help . . . adduce what other evidence might have been produced at trial, had the question been properly put before the jury." *United States v. Salazar-Lopez*, 506 F.3d 748, 755 (9th Cir.2007). Finally, although Petitioner "expressly waived his right to a jury trial on the substantive offenses, . . . this waiver did not encompass his right to a jury trial on any aggravating circumstances." *People v. French*, 43 Cal.4th 36, 48 (2008). Petitioner is entitled to review of his sentencing claims, regardless of his guilty plea.

In *Apprendi*, the Supreme Court left open an exception to the general requirement that aggravating factors must be found by a jury. In creating an exception for prior convictions, the Court held that a defendant's prior convictions could be used as an aggravating factor without first being proven to a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 488-90. Therefore, it was not error for the trial judge in Petitioner's case to cite Petitioner's "substantial

criminal record"[1] as an aggravating factor to support the upper term on count one. Exh. 2 at 21.  Petitioner admitted to three priors as part of his guilty plea.  Exh. 2 at 9-10.

However, with regard to the gang enhancement charge the trial court found in aggravation that Petitioner "was on parole at the time of the offense,"[2] and that Petitioner "had not performed particularly well on parole."[3]  Exh. 2 at 21.  Since the "finding of a single aggravating factor is sufficient to render a defendant eligible for the upper term" this Court only need consider whether either of these two aggravating factors would have been found by a jury beyond a reasonable doubt.  *Butler*, 528 F.3d at 632.

This Court can consider the evidence of Petitioner's parole status presented at the sentencing hearing to determine what "evidence might have been produced at trial, had the question been properly put before the jury." *Salazar-Lopez*, 506 F.3d at 755.  The Probation Officer's Report, which was presented at sentencing, states that, a "records check [conducted by the officers that stopped the car Petitioner was in] revealed [that Petitioner] was on active parole."  Exh. 1 at 93.  The report also cites the fact that Petitioner "was on probation or parole when the crime was committed" as a suggested aggravating factor.  Exh. 1 at 103.  Finally, the report reveals that Petitioner's "parole term

---

[1] California Rules of Court, Rule 4.421(b)(2) lists that fact that "[t]he defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness" as an aggravating factor.

[2] California Rules of Court, Rule 4.421(b)(4) lists the fact that "[t]he defendant was on probation or parole when the crime was committed" as an aggravating factor.

[3] California Rules of Court, Rule 4.421(b)(5) lists the fact that "[t]he defendant's prior performance on probation or parole was unsatisfactory" as an aggravating factor.

[for a prior offense] was to end on March 13, 2005," almost two years after the date of the instant offense. Exh. 1 at 92. The above information regarding Petitioner's parole status was based on information provided to the investigating probation officer by Parole Agent Beltran, Petitioner's parole officer. Exh. 1 at 92. Based on these facts, this Court finds that a jury would have found the aggravating factor of Petitioner's parolee status beyond a reasonable doubt.

Having determined that the aggravating factor of Petitioner's status as a parolee would have been found by a jury beyond a reasonable doubt, this Court finds that any *Apprendi* error would have been harmless under *Brecht*. Since the "finding of a single aggravating factor is sufficient to render a defendant eligible for the upper term" the trial court could have properly based the upper term for the gang enhancement on Petitioner's parole status. *Butler*, 528 F.3d at 632. This Court finds that any *Blakely* error in Petitioner's sentencing would have been harmless and Petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

The state court's denial of Petitioner's habeas petition is not contrary to or an unreasonable application of established federal law as determined by the Supreme Court. Therefore, Petitioner's petition for writ of habeas corpus must be DENIED. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: September 21, 2009

                                   JEFFREY S. WHITE
                                   United States District Judge

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

EDWARD RODRIGUEZ,

        Plaintiff,

  v.

TONY MALFI et al,

        Defendant.

Case Number: CV06-04781 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 21, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edward Rodriguez
21-K-4 UP
P-75220
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: September 21, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk